IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**TONY J. SAMARZIA,**

        **Plaintiff,**

**v.**                                                                   **CIV 03-0630 LAM**

**JO ANNE B. BARNHART,**
**Commissioner, Social Security Administration,**

        **Defendant.**

# MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion to Reverse and Remand for a Rehearing (*Doc. 13*). In accordance with 28 U.S.C. § 636(c)(1) and FED. R. CIV. P. 73(b), the parties have consented to having the undersigned United States Magistrate Judge conduct all proceedings and enter final judgment in this case. The Court has reviewed Plaintiff's motion and the memorandum in support of the motion (*Doc. 14*), Defendant's response to the motion (*Doc. 17*), Plaintiff's reply to the response (*Doc. 18*), and relevant law. Additionally, the Court has carefully reviewed and considered the entire administrative record (hereinafter "*Record*" or "*R.*"). For the reasons set forth below, the Court **FINDS** that Plaintiff's motion should be **GRANTED**, and this case **REMANDED** to the Commissioner of Social Security (hereinafter "Commissioner") for further proceedings consistent with this Memorandum Opinion and Order.

## I.  Procedural History

Prior to filing the social security claim at issue in this case, Plaintiff, Tony J. Samarzia, fell from a roof and was injured. (*R. at 31, 243.*)   He subsequently applied for disability insurance

benefits and supplemental security income. (*R. at 29.*) On February 14, 2001, he was given a fully favorable concurrent decision by the Social Security Administration and received a closed period of disability. (*R. at 31.*) His impairments at that time were cervical disk herniation, status post right rotator cuff tear and depression. (*Id.*) On September 20, 2001, Plaintiff filed a subsequent application for disability insurance benefits. (*R. at 120-122.*) In connection with his subsequent application, Plaintiff alleged a disability since July 1, 2001, due to cervical disk herniation, status post right rotator cuff tear, status post right carpal tunnel syndrome and depression. (*R. at 120, 158.*) There is also evidence in the *Record* that Plaintiff suffers from headaches, memory problems and post-traumatic stress disorder. (*R. at 160, 163, 183, 244, 246, 331.*)

Plaintiff's subsequent application was denied at the initial and reconsideration levels. (*R. at 96, 97.*) An administrative law judge (hereinafter "ALJ") conducted a hearing on August 14, 2002. (*R. at 40-95.*) Plaintiff and a vocational expert (hereinafter "VE") were present and testified at the hearing. (*R. at 40-41.*) Plaintiff was represented by counsel at the hearing. (*R. at 42.*) On January 13, 2003, the ALJ issued his decision in which he found that Plaintiff was not disabled at step four of the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520. (*R. at 34-35.*) The ALJ made the following findings, *inter alia*, with regard to Plaintiff: (1) he meets the nondisability requirements for a period of disability and disability insurance benefits and is insured for benefits through the date of the ALJ's decision; (2) he has not engaged in substantial gainful activity since the alleged onset of disability; (3) his depression is a severe impairment[1]; (4) his impairment does not meet or medically equal one of the listed impairments; (5) his allegations regarding his

---

[1] With regard to Plaintiff's alleged impairments, the ALJ concluded, based on the medical records, that "a lot of the physical claims have healed and are non-severe now" and "[t]he only 'severe' impairment now is depression." (*R. at 31.*)

limitations are not totally credible for the reasons set forth in the decision; (6) all medical opinions in the record regarding the severity of his impairments have been carefully considered; (7) he has the residual functional capacity (hereinafter "RFC") for light, unskilled work; (8) his past relevant work as a marketing specialist[2] did not require the performance of work-related activities precluded by his RFC; (9) he is an individual of advanced age; (10) he has more than a high school or high school equivalent education; and (11) he was not under a "disability," as defined in the Social Security Act, at any time through the date of the decision.  (*R. at 34-35.*)

In connection with his decision at step four of the sequential evaluation process, the ALJ found that Plaintiff had past relevant work as a marketing representative for which he retained the RFC to perform.  (*R. at 33.*)  Plaintiff testified at the hearing that he continued to work part-time as a marketing representative.[3]  (*R. at 50-55.*)  Without explanation, the ALJ found that this job was "not quite substantial gainful activity."  (*R. at 33.*)

Plaintiff filed a request for review and on May 13, 2003, the Appeals Council issued its decision denying his request and upholding the decision of the ALJ.  (*R. at 5-7.*)  On May 23, 2003, Plaintiff filed his complaint in this action.  (*Doc. 1.*)

---

[2]The ALJ uses the terms "Marketing Representative" and "Marketing Specialist" interchangeably in his decision to refer to Plaintiff's past and present work distributing advertising materials.

[3]Consistent with his testimony at the hearing, Plaintiff's work history report for the past fifteen years dated September 20, 2001, states that he began working part-time (twenty hours per month) as a marketing representative for News America in 1999, and was working at that job on the date of the work history report.  (*R. at 175-176.*)

## II.  Standard of Review

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether she applied the correct legal standards. *See Hamilton v. Sec'y. of Health & Human Services*, 961 F.2d 1495, 1497-1498 (10th Cir. 1992). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support a conclusion." *Andrade v. Sec'y. of Health and Human Services*, 985 F.2d 1045, 1047 (10th Cir. 1993) (quoting *Broadbent v. Harris*, 698 F.2d 407, 414 (10th Cir. 1983) (further citation omitted)).  Substantial evidence is more than a mere scintilla of evidence but less than a preponderance. *See, e.g., Sisco v. U. S. Department of Health and Human Services*, 10 F.3d 739, 741 (10th Cir. 1993). In making the substantial evidence determination on review, the Court may not re-weigh the evidence or substitute its judgment for that of the Commissioner. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

## III.  Discussion/Analysis

Plaintiff contends that the ALJ erred when he determined at step four of the sequential evaluation process that Plaintiff could return to his past relevant work as a marketing representative. Plaintiff asserts this was legal error because the ALJ found that Plaintiff's work as a marketing representative was "not quite" substantial gainful activity and work must be substantial gainful activity in order for it to qualify as past relevant work at step four.  20 C.F.R. §§ 404.1560(b)(1), 404.1565(a).  Plaintiff asks the Court to remand this case for the application of correct legal standards.  Defendant argues that the ALJ did not commit error and asks the Court to affirm the Commissioner's decision.

For the reasons set forth below, the Court has determined to remand this case to the Commissioner to: (1) apply the correct legal standards at step four of the sequential evaluation

process to determine if Plaintiff can still do his past relevant work; and (2) if Plaintiff cannot do his past relevant work at step four, to determine if Plaintiff is disabled at step five of the sequential evaluation process.

### *A. Applying Correct Legal Standards at Step Four*

At step four of the sequential evaluation process, the ALJ must determine if a claimant has the RFC to do his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). A claimant capable of performing his or her past relevant work is not disabled within the meaning of the Social Security Act. *See* 20 C.F.R. § 404.1520(f). The claimant bears the burden of proving his or her inability to perform past relevant work. *Andrade v. Sec'y. of Health and Human Services*, 985 F.2d 1045, 1050 (10th Cir. 1993). Past relevant work is work that: (1) was done within the past fifteen years; (2) was substantial gainful activity; and (3) lasted long enough for the claimant to learn to do it. 20 C.F.R. § 404.1560(b)(1). Thus, for work to be past relevant work, it must be substantial gainful activity. Substantial gainful activity is work activity that: (1) involves doing significant physical or mental activities; and (2) is done for pay or profit. 20 C.F.R. § 404.1572. Additionally, past relevant work can be: (1) work as the claimant actually performed it; or (2) work as it is usually performed in the national economy. *See Social Security Ruling 82-61*, 1982 WL 31387, at *1-2.

In this case, the ALJ found that Plaintiff's part-time work as a marketing representative was not substantial gainful activity. (*R. at 33.*). However, he also found that Plaintiff could return to this work and, therefore, was not disabled. (*R. at 33-35.*) These findings are in error. If Plaintiff's work as a marketing representative was not substantial gainful activity, it cannot be considered Plaintiff's past relevant work  Therefore, the ALJ's decision must be remanded to reassess whether Plaintiff is disabled at step four of the sequential evaluation process in accordance with correct legal standards

and, if necessary, to assess whether Plaintiff is disabled at step five.  On remand, the ALJ is directed to determine whether Plaintiff is disabled at step four in accordance with 20 C.F.R. §§ 404.1520, 404.1560(b)(1), 404.1565(a), 404.1572, and other applicable law.  Additionally, if, in his reassessment at step four, the ALJ relies on Social Security Ruling 82-61 to find that Plaintiff can return to his past relevant work, the ALJ should specify whether he is finding that Plaintiff can perform a particular job as he actually performed it, or a job as it is usually performed in the national economy.  *See Andrade v. Sec'y. of Health and Human Services*, 985 F.2d 1045, 1050 (10th Cir. 1993).

Defendant's arguments in this case are not persuasive and are not responsive to Plaintiff's argument.  Defendant mischaracterizes Plaintiff's argument as an argument that Plaintiff was unable to return to his past relevant work as a marketing representative because his job was not listed in the *Dictionary of Occupational Titles*[4].  This is not Plaintiff's argument.  Instead, Plaintiff challenges the ALJ's inconsistent findings at step four that Plaintiff could return to past relevant work which was not substantial gainful activity.  Additionally, Defendant argues that because the *Dictionary of Occupational Titles* contains a job similar to Plaintiff's job as marketing representative,[5] which neither the ALJ nor the VE mentioned or discussed, the Court should find that Plaintiff can perform that job and, therefore, is not disabled at step four.  However, this would require that the Court engage in fact-finding which should be left to the ALJ.  *See Allen v. Barnhart*, 357 F.3d 1140 (10th Cir. 2004) (court should avoid *post-hoc* fact-finding on behalf of administrative tribunal).

---

[4]*Dictionary of Occupational Titles,* Fourth Edition, Revised 1991.

[5]The job in question is "Advertising-Material Distributor", DICOT 230.687-010.

Accordingly, this case is remanded to the Commissioner to apply the correct legal standards at step four of the sequential evaluation process to determine at step four if Plaintiff can still do his past relevant work and, if Plaintiff cannot do his past relevant work, to determine if Plaintiff is disabled at step five of the sequential evaluation process.  By this remand, the Court does not intend to rule out the possibility that, applying the correct legal standards, Plaintiff will be found not disabled at step four.  Nor does the Court intend to rule out the possibility that Plaintiff will be found not disabled at step five.

### IV.  Conclusion

Based on the foregoing, the Court will **GRANT** Plaintiff's motion and **REMAND** this case to the Commissioner for further proceedings consistent with the Court's rulings in this Memorandum Opinion and Order.

**WHEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Motion to Reverse and Remand for a Rehearing (*Doc. 13*) is **GRANTED** and this case is **REMANDED** to the Commissioner for further proceedings consistent with this Memorandum Opinion and Order.

*Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**